UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24489-CIV-WILLIAMS/MCALILEY

LAMONT COLLINS,

    Plaintiff,

vs.

CITY OF MIAMI BEACH, *et al.*,

    Defendants.

_____/

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION OF DISMISSAL
WITH LEAVE TO AMEND**

    Plaintiff, Lamont Collins, proceeding *pro se*, has filed an Application to Proceed *in Forma Pauperis* ("Application"), which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 3, 6). I have carefully considered the Application and conclude that Plaintiff meets the financial requirements for *in forma pauperis* status and, therefore, I **GRANT** Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). I have also carefully reviewed Plaintiff's Complaint, which he filed at the same time as his Application, and I find that it does not state a claim for relief. I therefore recommend that the Court dismiss the Complaint without prejudice.

    **I.   BACKGROUND**

    Plaintiff's claims appear to arise from his interaction with Miami Beach police on February 4, 2019. In his Complaint, Plaintiff alleges that he rolled a cigarette while walking

on the sand when Miami Beach police officers suddenly appeared and directed a bright light into his eyes and face. (ECF No. at ¶ 6). Plaintiff saw flashing red and blue lights which he assumed to be law enforcement. Officers then pointed their firearms "directly into [his] eyes and face while repeating "get your hands out of your pocket." (*Id*. at ¶ 7). Plaintiff states that he did not have his hands in his pocket and was "in a paralyzed state of shock and afraid to move." (*Id*.).

Plaintiff alleges that Defendant Ozaeta "seized Plaintiff's (right) wrist with [f]orce" and "then proceeded to shove Plaintiff" to a police car located 15 feet away. (*Id*. at 8). Another Officer, who Plaintiff does not name as a Defendant, "R. Castillo", allegedly "seized" Plaintiff's left wrist and stated, "get your hands out of your f**kin pockets bro" while "shoving" Plaintiff into the police vehicle "causing Plaintiff to lose [h]is [b]reath." (*Id*.). Plaintiff maintains that he did not have his hands in his pockets. Plaintiff further alleges that Officer Castillo "[h]andcuffed Plaintiff unreasonably." (*Id*). Plaintiff was then arrested for loitering. (*Id*. at 9).

Plaintiff attaches the Arrest Affidavit to his Complaint,[1] which tells a different story.[2] According to the Arrest Affidavit, Officer Ozaeta observed Plaintiff "wandering around approaching people aggressively and making them feel uncomfortable" so she continued to monitor him "to observe his erratic behavior." (*Id*. at 62-63). Officer Ozaeta

---

[1] Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, exhibits are part of the pleading "for all purposes."

[2] "[W]hen documents attached as exhibits in support of a complaint contradict the factual allegations in the pleading, the exhibits control." *Williams v. Capital One Bank (USA) N.A.*, 785 Fed. App'x 741, 746 (11th Cir. 2019) (citing *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

then saw Plaintiff walking around a temporary construction site looking from side to side attempting to gain entry. (*Id*. at 63). When additional officers arrived on scene and Plaintiff was handcuffed, Officer Ozaeta asked Plaintiff to explain his suspicious behavior, to which Plaintiff replied that he was trying to smoke a cigarette. (*Id*.). Officer Ozaeta states that because Plaintiff "could not dispel my alarm for the safety of persons and property in the area" he was arrested. Plaintiff alleges that the officers conducted a non-consensual search of his person and property, which revealed "a small baggie of marijuana and a large[,] serrated knife with an 11-inch blade." (*Id*. at 63).

While at the police station, Plaintiff acted belligerently and made several verbal threats to Officer Ozaeta, including that "I will kill you before I die [and] I will be happy" and that he "was going to dissect [her]." (*Id*. at 63-64). The Arrest Affidavit reflects that Plaintiff was arrested and charged with the following: (i) threating a public servant in violation of Florida Statutes § 838.021(1)(a), a third-degree felony; (ii) carrying a concealed weapon in violation of Florida Statutes § 790.01(1), a first-degree misdemeanor; (iii) possession of 20 grams or less of cannabis in violation of Florida Statutes § 893.13(6)(b), a first-degree misdemeanor; and (iv) loitering or prowling in violation of Florida Statutes § 856.021, a second-degree misdemeanor. (*Id*. at 62). Plaintiff alleges that all charges brought against him were dismissed. (*Id*. at ¶ 10).

## II.   ANALYSIS

Section 1915(e) provides, among other things, that a court must dismiss an *in forma pauperis* action at any time if it fails to state a claim for which relief may be granted. 28

U.S.C. § 1915(e)(2)(B). My review of the Complaint reveals that, for a variety of reasons, it does not state a claim.

First, the Complaint does not meet the pleading standard set forth by the United States Supreme Court. To state a claim for relief, the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). As summarized below, the Complaint is comprised of mostly conclusory assertions that lack factual support and, some of the most specific factual assertions contradict, rather than support, Plaintiff's assertions that Defendants are liable to him.

The Complaint also fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that it set forth "a short and plain statement of the claim" that demonstrates that the plaintiff is entitled to the relief requested. Fed. R. Civ. P. 8(a)(2). In addition, the Complaint is an impermissible shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading" and is subject to dismissal. *Lampkin-Asam v. Volusia County School Board*, 261 Fed. App'x 274, 277 (11th Cir. 2008). For these reasons, the Complaint must be dismissed.

Plaintiff's Complaint is 59 pages in length with 184 numbered paragraphs and presents dozens of claims[3] against three defendants: the City of Miami Beach, Miami Beach Police Officer M. Ozaeta, and Katherine Fernandez Rundle in her capacity as the State Attorney for Miami-Dade County. (ECF No. 1) The Complaint is often difficult to understand and is filled with confusing language. It also has numerous quotations from and citations to legal authority and claims or requests for relief that clearly are not available in this Court.[4] The claims are repetitive, include legal standards that are inapplicable, and rely upon conclusory assertions. (*See e.g., Id*. at ¶ 74) ("Plaintiff Complains that Defendant Ozaeta Using The Authority of the Color of Law Knowingly Illegally Searched The Plaintiff's Property (supra ¶9) in Violation of The United States Constitution."; (*see also id.* at ¶ 98) ("Pursuant to The Pre-Existing and Ongoing Deliberately Indifferent Customs, Policies and Practices of Defendant 'City', Its Employees Illegally Searched Plaintiff's Property (supra at ¶13-¶14 and ¶49) The Triers of Fact can Infer by The Confederated Actions of The Officers at Bar, which included a Supervising Sergeant ('M. Negron', who is also Responsible for training) who Conducted The Illegal Search of Plaintiff's Property an Illegal 'Custom/Policy'.").

There is nothing "short" or "plain" about the Complaint. As written, the Court (and likely Defendants) cannot decipher whether an actionable claim is stated. A complaint must

---

[3] The Complaint has bolded and underlined statements, which it seems Plaintiff means to identify his claims, yet much of the content is overlapping and repetitive. Parties must clearly identify their causes of action, which is customarily done by labeling each as a "count" of the Complaint.

[4] For example, Plaintiff asks the Court to discipline or disbar the Miami-Dade State Attorney for alleged violations of Rules Regulating the Florida Bar and Florida statutes regulating the legal profession, which are matters within the province of the Florida Supreme Court, not this Court.

5

contain "sufficient intelligibility for a court or opposing party to understand whether a valid claim is alleged and if so, what it is." *Kleinschmidt v. Liberty Mut. Ins. Co.*, 142 F.R.D. 502, 504 (S.D. Fla. 1992) (citations omitted).

If Plaintiff chooses to amend his Complaint, he must comply with the dictates of Rule 8, which requires all allegations to be "simple, concise and direct" and all claims to contain a "short and plain" statement demonstrating that the Plaintiff is entitled to relief. This is not to say that Plaintiff should omit relevant facts and rely upon conclusory assertions. Rather, Plaintiff should set forth the relevant facts in a clear and concise fashion in a separate section labeled "General Allegations" and later, in each count, incorporate the particular factual allegations that support that claim. Each claim must also include the legal elements of each cause of action, and a short statement of facts which, if true, plausibly support those elements. Plaintiff should refrain from asserting repetitive claims and unnecessary citation to legal authority. The purpose of the Complaint is to clearly inform the Court and Defendants of the legal claims being asserted and the facts that support those claims.

Plaintiff should also be careful to assert only those claims that are legally actionable in this Court. For example, as mentioned, this Court does not have the authority to regulate an attorney's standing with the Florida Bar; "the Florida Supreme Court is vested with exclusive jurisdiction over the admission to practice law, the discipline of those admitted, and the prohibition of practice by persons not members of the Florida Bar." *Gonczi v. Countrywide Home Loans, Inc.*, 271 Fed. App'x 928, 929 (11th Cir. 2008) (citation omitted). With respect to the City of Miami Beach, Plaintiff should be mindful that "[a]

6

municipality may only be held liable for the actions of law enforcement when official policy or custom causes the constitutional violations." *Real v. Perry*, 810 Fed. App'x 776, 780 (11th Cir. 2020). It is necessary to allege facts to support such a claim, rather than a conclusory assertion that a municipal custom or policy exists. *Id*. (affirming dismissal of *Monell* claim because plaintiff "allege[d] that the City of Fort Myers has a custom, policy, and practice of ignoring and failing to discipline misconduct of officers when they use unreasonable excessive force" but "did not allege any facts to support this claim….").

In sum, the Complaint is a shotgun pleading and it fails to state a claim for relief and, therefore, it should be dismissed. *Jackson v. Bank of America N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("[W]e have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.") Given that Plaintiff is *pro se* and this is his first attempt to state a claim against Defendants, I **RESPECTFULLY RECOMMEND** that the Complaint be dismissed without prejudice with leave to amend and all that pending motions be denied as moot.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 27th day of April 2022.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
 Lamont Collins, *pro se*